FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 16, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATTHEW BENEDICT GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA REEVES, PATRICK MONTASMITH, LECH RADZIMSKI, TIMOTHY TRAGESER, L. MICHAEL GOLDEN and BRYAN P. WHITAKER,<br><br>Defendants. | No. 2:18-CV-00284-SMJ<br><br>**ORDER DISMISSING COMPLAINT** |

By Order filed November 1, 2018, the Court advised Plaintiff, then a prisoner at the Washington Corrections Center, of the deficiencies of his complaint and directed him to amend or voluntarily dismiss it within sixty days. ECF No. 11. Plaintiff is proceeding *pro se* and *in forma pauperis*. Defendants have not been served, although attorney Michael E. McFarland, Jr., entered a notice of appearance on behalf of the judges and prosecutor. ECF No. 6. On November 26, 2018, Plaintiff notified the Court of his apparent release from incarceration and residence in Yakima, Washington. ECF No. 12.

The Court cautioned Plaintiff that if he failed to comply with the directives

ORDER DISMISSING COMPLAINT - 1

in the order, the Court would dismiss his complaint seeking monetary damages against the judges presiding over his criminal proceedings, a prosecuting attorney, and the three attorneys who have represented Plaintiff in those proceedings. Specifically, Plaintiff's attorneys are not persons amenable to suit under 42 U.S.C. § 1983. *See Polk County v. Dodson,* 454 US. 312, 325 (1981), *holding limited on other grounds by West v. Atkins*, 487 U.S. 42 (1988); *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc). The judges and prosecutor are entitled to absolute immunity. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075–76, 1078 (9th Cir. 1986); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Furthermore, the *Younger* abstention doctrine forbids federal courts from enjoining pending state criminal proceedings, absent extraordinary circumstances not presented here. *See Younger v. Harris*, 401 U.S. 37, 53–54 (1971); *Kenneally v. Lungren*, 967 F.2d 329, 331 (9th Cir. 1992). Plaintiff did not comply with the Court's order and filed no further pleadings in this action.

Therefore, for the reasons set forth above and in the Order to Amend or Voluntarily Dismiss, ECF No. 11, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).

Accordingly, **IT IS HEREBY ORDERED**:

1. The Complaint, **ECF No. 10**, is **DISMISSED WITHOUT**

1. **PREJUDICE** to Plaintiff pursuing available state court remedies.

2. Based on this the Court's reading of *Washington v. Los Angeles County Sheriff's Department*, 833 F.3d 1048 (9th Cir. 2016), this dismissal will NOT count as a "strike" under 28 U.S.C. § 1915(g).

3. The Clerk's Office is directed to **ENTER JUDGMENT** and **CLOSE** this file.

4. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to *pro se* Plaintiff at his last known address and to counsel who has appeared in this action.

**DATED** this 16th day of January 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge